Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

**SEALED BY ORDER OF THE COURT**

**United States District Court**

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 3 2006

at 3 o'clock and ___ min ___ M
SUE BEITIA, CLERK

U.S.A. vs. TRAVIS J. RILEY                                   Docket No. CR 05-00307HG-01

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

    COMES NOW SYDNEY L. FLEMING, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Travis J. Riley who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 9th day of January 2006, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That restitution of $1,150.00 is due immediately to M&M Jewelry, dba "The Diamond Company," 98-1005 Moanalua Road, Suite 512, Aiea, Hawaii 96701, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

2. That the fine of $350.00 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

3. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4. That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

5. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6. That the Defendant contact the 37th Circuit Court Probation Department, Battle Creek, Michigan and resolve outstanding absconder bench warrant within two months and provide proof thereof to the U.S. Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Probation Form 7A attached) as follows:

1. The offender failed to answer truthfully all inquiries by the probation officer on 2/13/2006 and 3/2/2006 and failed to follow the instructions of the probation officer issued on 1/17/2006, 2/23/2006, and 3/3/2006, in violation of Standard Condition No. 3.

2. The offender failed to notify the probation officer prior to any change in residence on 1/25/2006 and 3/3/2006, in violation of Standard Condition No. 6.

3. The offender failed to report to the probation officer on 3/6/2006, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

## PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on ___3/10/2006___

_____
SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 10th day of March, 2006, and ordered filed and made a part of the records in the above case.

_____
HELEN GILLMOR
Chief U.S. District Court Judge

Re:    **RILEY, Travis J.**
       **Criminal No. CR 05-00307HG-01**
       **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

The offender pled guilty to Count 1: Production of False Identification Documents. On 1/9/2006, he was sentenced to time served until January 13, 2006, to be followed by three (3) years supervised release with the special conditions noted on the facesheet of the petition. On 1/12/2006, while incarcerated at the Federal Detention Center - Honolulu, the offender was oriented to the supervised release conditions and signed Probation Form 7A acknowledging his understanding of the conditions. The offender's supervision commenced on 1/13/2006. On that same date, the offender reported to the Probation Office and was again oriented to the supervised release conditions.

**Violation No. 1 - Failure to Answer Truthfully All Inquiries by the Probation Officer on 2/13/2006 and 3/2/2006 and Failure to Follow the Instructions of the Probation Officer Issued on 1/17/2006, 2/23/2006, and 3/3/2006:** The offender owns Trian Company, Inc. (Trian), a company established for the purpose of selling magazine subscriptions door-to-door throughout the country. On 1/17/2006, the offender was informed that his company was in "default." He was instructed to cease operating the business until it could be determined that Trian was in good standing and was legally authorized to conduct business. He was further instructed that neither he nor any agent acting on his behalf was to sell magazine subscriptions until such verification could be made.

On 2/13/2006, the offender had in his possession a letter addressed to him at Trian's Las Vegas address and postmarked 1/19/2006 from Honolulu, Hawaii. The envelope contained a Trian Company, Inc. receipt dated 1/18/2006 bearing the offender's signature as the salesperson. When questioned about the receipt, he denied selling the magazine subscription and stated that the date on the receipt was "not accurate and was probably written in later." He failed to provide an explanation about his signature.

On the same date, this officer interviewed the offender's girlfriend and Trian employee, April Gamliel. Ms. Gamliel admitted that since 1/17/2006, she had sold magazine subscriptions for Trian on at least three (3) separate occasions and that the offender had accompanied her on at least two (2) of those occasions. She stated that she and the offender sold magazine subscriptions "on the Tuesday after he got out (1/17/2006)" and that "this is when he sold the magazine" noted on the receipt dated 1/18/2006. She also admitted to selling magazine subscriptions with the offender on or about 1/24/2006 or 1/25/2006 and to selling subscriptions on her own "for a couple of days" at both the Pearlridge Mall and the Ala Moana Shopping Center. All of the

Re:   **RILEY, Travis J.**
      **Criminal No. CR 05-00307HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

aforementioned sales occurred after the offender was instructed to cease operations of Trian on 1/17/2006.

On 2/23/2006, the offender informed that he had applied for employment with Altres Inc., a temporary employment agency. At that time, he was instructed to contact this officer when Altres, Inc. placed him at a job so that this officer could assess any possible third-party risk. The offender agreed and stated that he had disclosed his felony conviction to Altres, Inc.

On 3/2/2006, the offender informed that he had been working for "Captain Stan the Tax Man" since 2/28/2006 as a result of a placement from Altres, Inc. He further stated that he had "checked yes in the box" in response to the question on the application form asking if he had ever been convicted of a felony.

Subsequently, on 3/2/2006, this officer contacted manager Amy Yamauchi-Wong at Altres, Inc. for verification of the offender's disclosure. Yamauchi-Wong informed that the offender had not disclosed his felony conviction as instructed by this officer and that if he had, based upon his conviction, she would not have placed him at that particular job site. She further related that the application form used by Altres, Inc. does not ask if the applicant has ever been convicted of a felony. Altres, Inc. terminated the offender from employment on 3/2/2006 for being "untruthful." It should be noted that Yamauchi-Wong stated that Altres, Inc. would have continued to work with the offender had he been forthcoming about his criminal background.

On 3/3/2006, the offender was instructed to report to the Probation Office on 3/6/2006 to obtain a travel permit authorizing travel to Battle Creek, Michigan for the purpose of satisfying an outstanding absconder warrant issued in Calhoun County Circuit Court in March 2004. The offender failed to report on 3/6/2006, as instructed. On 3/7/2006, this officer attempted to contact the offender at his residence at the Pacific Ohana Hostel and was informed that the offender "had checked out sometime between 2:00 p.m. and 8:00 p.m. on 3/3/2006." The offender failed to notify the probation officer of a change in residence, as charged in violation No. 2. The offender's whereabouts are currently unknown.

Re:   **RILEY, Travis J.**
      **Criminal No. CR 05-00307HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

**Violation No. 2 - Failure to Notify the Probation Officer Prior to Any Change in Residence on 1/25/2006 and 3/3/2006**: On 1/26/2006, the offender left a voice message relating that on that same day he had relocated from the Continental Surf Hotel to a hotel "at 270 Lewers Street, Honolulu, Hawaii, 96815, room number 1521." The offender provided the telephone number of the hotel but failed to provide the name of the hotel. On the morning of 1/27/2006, this officer and U.S. Probation Officer J. Martin Romualdez attempted to visit the offender at the hotel on Lewers Street (the Ohana Islander Waikiki). This officer was informed by the front desk clerk that the offender was not registered to room number 1521 nor was he registered at any of the Ohana hotel properties. Room 1521 was registered to Mr. Chris Simpson, who checked in on 1/26/2006 and was scheduled to check out on 1/27/2006 at noon. The room had been paid for in cash and there was no identification on file for the occupant. This officer and U.S. Probation Officer Romualdez were escorted by hotel security to room 1521. There was no response to repeated knocks on the door and a telephone call to the room. At that time, because he was not a registered hotel guest, this officer was unable verify the offender's residence at the Ohana Islander Waikiki, thereby making him unavailable for supervision as his whereabouts were unknown.

Also on the morning of 1/27/2006, this officer went to the Continental Surf Hotel where the offender indicated he had previously resided. The front desk clerk identified the offender based on a photograph presented by this officer. She also related that the offender and two females had been staying in a room registered to Ms. Alyssa Satterlund and that they had checked out of the hotel on 1/25/2006.

Also of significance, the front desk clerk informed that Ms. Satterlund had attempted to pay for the room with her debit card but the card was declined. When the clerk notified Ms. Satterlund to advise of the card's status, both Ms. Satterlund and the offender told the clerk the room had already been paid for in cash. The clerk explained that she had to contact her manager to resolve the dispute and that the room charges had not been previously settled in cash as the offender and Ms. Satterlund maintained. The situation was ultimately resolved when the manager demanded payment from the offender and the two females, and they complied with the instruction. The clerk further advised that hotel management and security were preparing to evict the offender and the two females from the property, regardless of payment, due to numerous noise complaints involving loud, late night arguments.

Re:   **RILEY, Travis J.**
      **Criminal No. CR 05-00307HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**

Later in the afternoon on 1/27/2006, this officer returned to the Ohana Islander Waikiki Hotel accompanied by U.S. Probation Officer Romualdez. The offender was located in the hotel lobby and agreed to a room inspection. He informed that he and his girlfriend, April Gamliel, were staying with Mr. Simpson in room 1521. He stated that he had forgotten his room key, which also operated the secured elevators. Using the telephone in the hotel lobby, he called the room to request that Ms. Gamliel meet him in the lobby with a room key. While on the telephone, he emphasized several times to the person on the other end that his "probation officers were coming up." He was visibly nervous and anxious and his hands were trembling.

Upon inspection of the room, it appeared that the occupants (Mr. Simpson and Ms. Gamiliel) had hastily attempted to pack their bags. During the course of the room inspection, U.S. Probation Officer Romualdez discovered empty disk cases of the type used to store recordable compact disks (CDs) and digital video disks (DVDs), undated Trian receipts indicating magazine sales, and a medical receipt from an emergency room visit in a Colorado hospital for a Ms. Amber Youngvall. (Note: Ms. Amber Youngvall was not registered nor present in the room).

When questioned about these items, the offender replied that the disk cases, Trian sales receipts, and medical bill had been left in his luggage from a previous trip and therefore, were inadvertently transported by his girlfriend when she packed for the trip to Hawaii. When questioned further about the Trian receipts, the offender stated that the receipts were from sales that were conducted prior to his incarceration. However, it should be noted, when this officer questioned Ms. Gamliel about the same receipts, she informed that she had been selling magazine subscriptions over the past few days.

While in the process of conducting the room inspection, hotel security arrived stating that they had received reports of non-registered guests staying in the room. Despite the offender's representations that he had been residing in the room since 1/26/2006, he informed security that he and Ms. Gamliel were "just visiting" and had not spent the night. When confronted by this officer about the statement, he admitted that he and Ms. Gamliel had spent the night in the room. Subsequently, the offender and Ms. Gamliel were evicted from the premises by hotel security as they were not registered hotel guests.

When questioned about his whereabouts on 1/25/2006, the offender stated that he could not remember where he was that evening, and therefore was unable to offer an explanation for his whereabouts.

Re: **RILEY, Travis J.**
**Criminal No. CR 05-00307HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 5**

It should be noted that following the contact with the offender on 1/27/2006, a criminal records check was conducted on both Chris Simpson and Alyssa Satterlund (also known as "Alyssa Ruiz"). It was discovered that Mr. Simpson has a history of eight (8) arrests in various cities in California, has used aliases, and has an outstanding bench warrant for his arrest in Newport Beach, California. A criminal records check revealed that Ms. Satterlund (aka "Ruiz") has several juvenile arrests, one of which was a felony arrest.

To date, the offender has not had contact with this officer since 3/3/2006. His whereabouts are currently unknown.

**Violation No. 3 - Failure to Report to the Probation Officer on 3/6/2006:** On 3/3/2006, the offender was instructed to report to the Probation Office for a scheduled office appointment on 3/6/2006. The offender failed to report as instructed.

At this time the offender's whereabouts are unknown thereby making him unavailable for supervision. The offender has demonstrated a complete lack of regard for the terms and conditions of supervision as evidenced by the aforementioned violations. It is of particular concern that these violations have occurred within the first two months of his release from imprisonment. It is also noteworthy that throughout this officer's interactions with the offender, he has been verbally abusive, hostile, manipulative, and contentious, indicating a lack of respect for the law. Further indicative of his lack of respect for the law is the fact that he has outstanding warrants for "failure to appear" in three (3) states: Colorado, Nevada, and Michigan. The Court should also be aware that the Probation Office received additional information from the District of Nevada regarding alleged criminal conduct that is not contained in the

Re:   **RILEY, Travis J.**
       **Criminal No. CR 05-00307HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 6**

Presentence Report. Based upon these factors, we respectfully request that the Court issue a No Bail warrant for the offender's appearance before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,

*Sydney L. Fleming*
SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

*Timothy M. J—*
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

SLF/ct

Re:  RILEY, Travis J.
     Criminal No. CR 05-00307HG-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 7

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant is prohibited from self-employment.

That the defendant shall not travel outside of the judicial district within which he resides during the term of supervision.

That the defendant shall notify all potential employers of his conviction and supervision status during the application process and prior to accepting employment. Such notification must be verified by the probation office prior to the acceptance and commencement of employment.

PROB 7A
(Rev. 9/00; D/HI 10/05)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:     TRAVIS J. RILEY                                  Docket No. CR 05-00307HG-01

     Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, Chief U.S. District Court Judge for the District of Hawaii. The defendant's term of supervision is for a period of three (3) years commencing upon release from confinement (1/13/2006).

     The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

     The defendant shall not commit another federal, state, or local crime.

     That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)     The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)     The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)     The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)     The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    1-12-06
           TRAVIS J. RILEY, Defendant       Date

_____    1/12/06
SYDNEY L. FLEMING       Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:   TRAVIS J. RILEY
      Docket No. CR 05-00307HG-01

Conditions of Probation and Supervised Release<br>
<b>(continued from previous page)</b>

   These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   _1-12-06_
    TRAVIS J. RILEY, Defendant   Date

   _____   _1/12/06_
   SYDNEY L. FLEMING   Date
   U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:     TRAVIS J. RILEY
        Docket No. CR 05-00307HG-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1) That restitution of $1,150.00 is due immediately to M & M Jewelry, dba "The Diamond Company," 98-1005 Moanalua Road, Suite 512, Aiea Hawaii 96701, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

2) That the fine of $350.00 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

3) That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4) That the defendant is prohibited from incurring credit card charges and lines of credit without the approval of the Probation Office.

5) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6) That the defendant contact the 37th Circuit Court Probation Department, Battle Creek, Michigan and resolve outstanding absconder bench warrant within two months and provide proof thereof to the U.S. Probation Office.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     1-13-06
         TRAVIS J. RILEY, Defendant           Date

         _____     1·13·2006
         SYDNEY L. FLEMING                    Date
         U.S. Probation Officer